UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RATOMIR POPESKOVICH and BRANISLAVA POPESKOVICH, THE ESTATE OF DEJAN POPESKOVICH, DECEASED, by and through his heirs, RATOMIR POPESKOVICH and BRANISLAVA POPESKOVICH

Plaintiffs,

v.

CANTEX, INC., REXEL NORCAL VALLEY, INC., NEW YORK REXEL, INC., and DOES 1-100

Defendants.

NO. CIV. S-05-0732 WBS KJM

MEMORANDUM AND ORDER RE: MOTION TO REMAND, MOTION TO AMEND COMPLAINT

----oo0oo----

This case revolves around the death of plaintiffs' son Dejan Popeskovich ("Dejan") on September 29, 2004. Plaintiffs allege that Dejan was hired to transport PVC pipe from the premises of defendant Cantex, Inc. ("Cantex") to the premises of defendant Rexel Norcal Valley, Inc. ("Rexel Norcal") and further allege that he was crushed by that PVC pipe while it was being unloaded at Rexel Norcal.

Plaintiffs seek to amend their complaint to add two

1

individual defendants who are allegedly California residents and supervisors at Rexel Norcal. Plaintiffs also seek an order remanding this case to state court.

I. Procedural History

Plaintiffs filed their complaint for wrongful death in California Superior Court in and for the County of Sacramento on March 4, 2005. (Rexel Notice of Removal ¶ 1) Defendants New York Rexel, Inc. and Summers Group, Inc. dba Rexel Norcal Valley (collectively, "Rexel") were served with a copy of plaintiffs' complaint. Rexel received that complaint and a summons on March 11, 2005. (Id. ¶ 2). Rexel filed their notice of removal in this court on April 14, 2005, asserting that this court has jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1441(removal statute); 28 U.S.C. § 1332(diversity jurisdiction statute). Cantex filed its Notice of Joinder in Petition for Removal with this court on May 16, 2005.

Plaintiffs now seek to add two individual defendants, Rexel Norcal supervisors Paul J. Jeffries and Ron Ward, who are California residents. Defendants concede that the claim against the individuals appears to be valid. (Defs.' Mem. in Supp. of Opp'n to Mot. to Amend at 9).

II. Discussion

Where a plaintiff seeks to join a nondiverse defendant after removal, 28 U.S.C. § 1447(e) gives the district court discretion to allow the joinder or to not allow the joinder. 28 U.S.C. § 1447(e)("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

2

remand the action to the State court"). Once joinder of a nondiverse defendant is permitted, remand is mandatory. Id.

Plaintiffs and defendants agree that the court should apply the six factor test outlined in three recent district court cases to determine whether the court should permit the plaintiffs to amend to add individual defendants. See Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002); IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). The six factors are:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation, 125 F. Supp. 2d at 1011.

Applying these six factors, the court finds that plaintiffs should be permitted to amend their complaint to add the individual defendants. Defendants concede the third and fifth factors favor plaintiffs. The four factors that remain to be discussed are the first, second, fourth and sixth.

"Although courts consider whether a party would meet Fed. R. Civ. Proc. 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." IBC Aviation, 125 F. Supp. 2d at 1011-12. "Courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action."

3

1 Boon, 229 F. Supp. 2d at 1022 (C.D. Cal. 2002).  "Courts disallow
2 joinder of non-diverse defendants where those defendants are only
3 tangentially related to the cause of action or would not prevent
4 complete relief."  IBC Aviation, 125 F. Supp. 2d at 1012.

5      In this case, the supervisors' degree of involvement in
6 the occurrences at issue was high.  They were allegedly in charge
7 at the Rexel Norcal site where and when decedent was killed.

8      Defendants argue that, due to an indemnity agreement
9 between the supervisors and Rexel, and due to the doctrine of
10 respondeat superior, plaintiffs may recover the full amount of
11 money they seek against the existing defendants.  Existing
12 defendants claim that they "have already stipulated that if Paul
13 J. Jeffries and Ron Ward are added to the complaint, the removing
14 defendants will defend and indemnify them."  (Defs.' Mem. in
15 Supp. of Opp'n to Mot. to Remand at 10).  The defendants have not
16 filed with the court any such written stipulation, nor have they
17 presented any evidence in the form of declarations stating when
18 that indemnity agreement was formed and its terms.  Their only
19 evidence of such a stipulation is contained in the memorandum in
20 opposition to the motion to amend.

21      If the court assumes that defendants will be able to
22 present to the court a legally effective indemnification
23 agreement, the first factor in the six-factor test marginally
24 favors not permitting amendment.  See IBC Aviation, 125 F. Supp.
25 2d at 1012("Courts disallow joinder of non-diverse defendants
26 where those defendants are only tangentially related to the cause
27 of action or would not prevent complete relief.").

28      As to the second factor, plaintiffs concede that

4

1 plaintiffs would not be prevented from bringing a cause of action
2 against Jeffries and Ward in state court by the relevant statute
3 of limitations.  However, the <u>IBC Aviation</u> court, when
4 considering this second factor, also considered the potential for
5 waste of judicial resources and the risk of inconsistent results.
6 125 F. Supp. 2d at 1012("Second [i.e., applying the second
7 factor], even though a state court action against [individual
8 defendant] might be possible, requiring IBC to litigate
9 essentially the same issues in two forums would be a waste of
10 judicial resources and risks inconsistent results.").  Defendants
11 themselves assert that the facts tending to support any liability
12 against Ward and/or Jeffries will also tend to support any
13 liability against Rexel.  It would be a waste of judicial
14 resources, and would risk inconsistent results, for two courts to
15 hear essentially the same evidence.  The degree of overlap
16 between the case against Ward and Jeffries and the case against
17 existing defendants is high.  Thus, the court considers this
18 factor to not weigh in favor of either side.

19          The fourth factor the court considers is whether
20 joinder is intended solely to defeat federal jurisdiction.  It is
21 not.  Plaintiffs' counsel spoke about his intent at the hearing
22 on this matter.  He forthrightly told the court that he prefers
23 to put these individuals on the stand as defendants rather than
24 just employees of defendant companies because, in his experience,
25 juries view defendants who take the stand in a different light
26 than they view employees of defendants.  It be inappropriate to
27 join an individual as a defendant for that purpose if there was
28 not otherwise a valid claim against that individual.  However,

there is nothing improper about joining an individual as a defendant, with the goal of gaining a tactical courtroom advantage, where counsel in good faith believes plaintiff has a meritorious claim against that individual.  Plaintiffs' counsel's reason for joining these two individuals shows that joinder is not intended solely to defeat federal jurisdiction.  See IBC Aviation, 125 F. Supp. 2d at 1011.

Further, the objective evidence does not demonstrate that plaintiffs' intent was to add individual defendants solely to defeat diversity.  There is no indication that plaintiffs' counsel knew the identities of Ward and Jeffries when plaintiffs filed suit.  Defendants did not provide plaintiffs with a list of management personnel at the site where Dejan died, so independent research into their identities was necessary.  (Callahan Decl. ¶ 3).  Plaintiffs' counsel has been diligently investigating the accident and the management hierarchy of Rexel from the time before the filing of the complaint to the present.  (See id. ¶¶ 3, 4)(outlining steps taken, including hiring a private investigator and acquiring accident files from the California Industrial Safety Division of Occupational Safety and Health, to find the identity of managers).

Defendants claim that plaintiffs' counsel is engaging in gamesmanship by not naming individual defendants in the first complaint and then naming them only after the case had been removed.  However, when pressed by the court, defendants' counsel was unable to identify any incentive that plaintiffs had for playing such a game.  Further, as previously stated, there is no indication that plaintiffs knew the identities of Ward and

6

1  Jeffries at the time they filed suit.
2          Finally, the court considers the sixth factor, whether
3  denial of joinder will prejudice the plaintiffs.  As discussed
4  above, the overlap between the evidence plaintiffs will present
5  in an action against individual defendants and the evidence they
6  will present against the existing defendants is significant. <u>IBC</u>
7  <u>Aviation</u> is on point: "[D]enying the amendment would require
8  Plaintiff[s] to choose between redundant litigation arising out
9  of the same facts and involving the same legal issues or
10 foregoing its potential claims against [individual defendants],
11 while allowing amendment will not prejudice the Defendants as
12 discovery has not yet begun."  125 F. Supp. 2d 1008, 1013.  (<u>See</u>
13 Joint Status Report at 3)(suggesting that Federal Rule of Civil
14 Procedure 26 initial disclosures in this case be made by August
15 18, 2005).  Therefore, this sixth factor weighs heavily in favor
16 of permitting amendment.
17         Additionally, the court notes that there will be no
18 prejudice to the corporate defendants by permitting the
19 individual defendants to be added.  Substantially the same
20 evidence will be presented on both sides, whether the individual
21 defendants are joined or not.  And there will be little
22 prejudice, if any, to the individual defendants, because they
23 will be defended and indemnified against any liability by their
24 employer.
25         On balance, the six factor test outlined in <u>IBC</u>
26
27
28

7

1  Aviation favors permitting amendment pursuant to § 1447(e).[1]
2           IT IS THEREFORE ORDERED that plaintiffs' motion to
3  amend be, and the same hereby is, GRANTED.
4           IT IS FURTHER ORDERED that plaintiffs' motion to remand
5  be, and the same hereby is, GRANTED, and this matter is hereby
6  REMANDED to Superior Court of the State of California in and for
7  the County of Sacramento.
8  DATED:  July 29, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that all defendants did not join in the petition for removal within 30 days of receiving notice, and therefore remand is proper on this basis as well. See 28 U.S.C. § 1446(b). Plaintiffs did not make the timeliness of removal an issue, however, and therefore the court does not decide the issue on that ground.